**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEW J. SHEFFER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 26-496J |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| DAVID CLOSE, *Superintendent of SCI-Houtzdale*; | ) | |
| DISTRICT ATTORNEY OF CENTRE COUNTY; *and* | ) | |
| ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM ORDER</u>

Matthew J. Sheffer ("Petitioner") currently is incarcerated in the State Correctional Institution at Houtzdale ("SCI-Houtzdale") in Houtzdale, Pennsylvania. Houtzdale is located in Clearfield County, which is within the territorial boundaries of the United States District Court for the Western District of Pennsylvania. <u>See</u> 28 U.S.C. § 118(c).

In the Petition, Petitioner challenges the validity of a conviction entered in the Court of Common Pleas of Centre County, Pennsylvania, at Docket No. CP-14-CR-205-2017. ECF No. 1-1 at 1. Centre County is located within the territorial boundaries of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118(b).

Because the conviction at issue arose out of Centre County, the interests of justice weigh in favor of transferring this case to the United States District Court for the Middle District of Pennsylvania.

1

## A. Jurisdiction

The power of this Court to grant the writ is founded upon 28 U.S.C. § 2241(a), which provides that the "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

Petitioner was convicted within the confines of the Middle District of Pennsylvania. ECF No. 1-1 at 1. However, at the time of the commencement of this action, Petitioner was in prison at SCI-Houtzdale. Consequently, both this district and the Middle District have "jurisdiction" to entertain the Petition. See 28 U.S.C. § 2241(d).[1] See also Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("§ 2241(d) provides that when a petitioner is serving a state criminal sentence in a State that contains more than one federal district, he may file a habeas petition not only 'in the district court for the district wherein [he] is in custody,' but also 'in the district court for the district within which the State court was held which convicted and sentenced him'; and 'each of such district courts shall have concurrent jurisdiction to entertain the application.'"); Dunne v. Henman, 875

---

[1] Section 2241(d) provides that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

F.2d 244, 248-50 (9th Cir. 1989) ("The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction.  A district court has *subject matter* jurisdiction over a habeas petition alleging a violation of federal law under federal question jurisdiction.") (citations omitted); Irving v. Breazeale, 265 F. Supp. 116, 120 n.9 (S.D. Miss. 1967) (even though petitioner was incarcerated in the Northern District of Mississippi, the Southern District of Mississippi, in which the petitioner's state trial was conducted, had jurisdiction over his habeas petition filed there), aff'd, 400 F.2d 231 (5th Cir. 1968).

**B. Venue**

The issue of proper venue may be raised *sua sponte* by a court. See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996).

Venue in habeas corpus cases filed by state prisoners challenging their convictions is proper in either the federal district in which the state conviction was obtained, or in the federal district in which the petitioner was incarcerated at the time of filing the habeas petition. Walker v. Lockhart, 620 F.2d 683, 684 n.1 (8th Cir. 1980) (although petitioner was confined in the Eastern District of Arkansas, he filed his habeas petition in the Western District wherein his state trial was held, the court held that "venue was properly laid in the Western District. 28 U.S.C. § 2241(d)."). Thus, venue is proper both in this Court, and in the Middle District of Pennsylvania.

**C. Transfer to the Middle District of Pennsylvania**

In the present matter, both this Court and the United States District Court for the Middle District of Pennsylvania have jurisdiction to hear this Petition and venue is proper in both districts as well.

3

However, this Court must exercise its discretion and determine whether transferring this case to the Middle District would be "in furtherance of justice." 28 U.S.C. § 2241(d). In performing this analysis, courts may rely upon traditional venue considerations. See Braden v. 30th Judicial District, 410 U.S. 484, 493 (1973); Garcia v. Pugh, 948 F. Supp. 20, 23 (E.D. Pa. 1996). These considerations include: 1) the location where the underlying material events took place; 2) the location where records and witnesses pertinent to the claim are likely to be found; 3) the convenience of the forum for the petitioner and the respondent; and 4) the familiarity of the court with the applicable laws. Roman v. Ashcroft, 162 F.Supp.2d 755, 765 (N.D. Oh. 2001).

Application of these traditional venue considerations to the facts alleged in the Petition reveals that this case should be transferred to the United States District Court for the Middle District of Pennsylvania.

First, the underlying material event – Petitioner's criminal trial and conviction – occurred in Centre County, Pennsylvania, in the Middle District of Pennsylvania.

Second, all of the records and most of the participants presumably are located in Centre County.

Third, in terms of convenience of the forum, if a hearing is held, it will be more convenient for most of the witnesses and the District Attorney of Centre County to litigate the Petition in the Middle District. Presumably, Petitioner would be temporarily transferred to a Department of Corrections or other prison/jail facility near Centre County were a hearing to be required.

Fourth, the factor of the familiarity of the court with the applicable laws is evenly balanced, as both this Court and the Middle District are familiar with the law of Pennsylvania. Considering these four factors in the context of this action, the factors weigh heavily in favor of transferring this case to the Middle District where the state trial was held.

Of particular significance, it has been the general practice of the United States District Courts in Pennsylvania to transfer habeas corpus petitions to the federal district where the Common Pleas Court is located that conducted the underlying criminal trial of the petitioner. Ortiz v. Pennsylvania, No. 3:10cv028, 2010 WL 936448, at *1 (M.D. Pa. March 15, 2010) (action transferred from the "district (where petitioner is in custody) to the United States District Court for the Middle District of Pennsylvania (where petitioner was convicted) in keeping with agreed practice of the United States District Courts for the Middle, Eastern, and Western Districts of Pennsylvania."); Nightingale v. Vincent, No. Civ.A. 08-95J, 2008 WL 1943427, at *2 (W.D. Pa. May 2, 2008) ("Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted."). See also Rouzer v. DiGuglielmo, No. 07-0268, 2007 WL 853750, at *1 (E.D. Pa. March 20, 2007).

Considering all of the relevant factors, it appears that they weigh in favor of transferring the instant Petition to the Middle District, the district in which Petitioner's state criminal trial was held.

An appropriate Order follows:

AND NOW, this _26th_ day of March, 2026, IT IS HEREBY ORDERED that the Clerk's

Office is directed to transfer this case to the United States District Court for the Middle District of

Pennsylvania.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of

the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to

file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate

rights.


BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:    MATTHEW J SHEFFER
       NV7636
       SCI HOUTZDALE
       P.O. Box 1000
       209 Institution Drive
       Houtzdale, PA 16698-1000


6